UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELLI SPRINGER, ET AL.                  CIVIL ACTION

VERSUS

USAA CASUALTY INSURANCE            NO: 18-00775-BAJ-EWD
COMPANY

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 25)** filed by Plaintiffs Kelli Springer and Joseph Springer. Defendant filed a response in opposition (Doc. 26). For the following reasons, the **Motion for Partial Summary Judgment (Doc. 25) is GRANTED.**

### I. FACTUAL BACKGROUND

On July 13, 2018, Plaintiffs filed suit against Defendant, their automobile insurance provider, to recover damages resulting from an October 21, 2016 car accident caused by Casey Short. (Doc. 1-2). According to the allegations in the Petition for Damages, Short's insurance policy limit is $25,000. *Id.* Plaintiffs allege that their damages exceed the insurance coverage available to Short. *Id.* Plaintiffs further allege that Ms. Springer holds an insurance policy which includes coverage for the liability of underinsured motorists in the amount of $300,000. *Id.*

### II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

1

matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

In order for an insured to recover on an underinsured motorist claim, the insured must 1) establish that the insurer received sufficient facts which fully

2

apprised it that the owner or operator of the other vehicle involved in the accident was underinsured, 2) establish that the underinsured was at fault, 3) establish that such fault gave rise to damages, and 4) establish the extent of those damages. *Luquette v. Allstate Ins. (Indem.) Co.*, 174 So. 3d 736, 742 (2015). An underinsured motorist is one whose automobile liability insurance on a motor vehicle is less than the amount of damages suffered by an insured. *Gillmer v. Par. Sterling Stuckey*, 30 So. 3d 782, 785 (2009).

The burden of proving the underinsured status of the owner or operator of the other vehicle rests with the plaintiff. *Finley v. "'ABC" Ins. Co.*, 946 So. 2d 330, 334 (2006). La. Stat. Ann. § 22:1295 provides procedures through which the plaintiff may establish a prima facie case that the owner or operator was underinsured. *Id.* If the plaintiff fails to follow these procedures, she must prove such facts by any other admissible evidence. *Id.*

Plaintiffs move for summary judgment on the issues of Short's fault and causation. Defendant stipulates that Casey was negligent, and that his negligence served as the sole cause of the accident. (Doc. 26-2 at 1). Thus, Plaintiffs' motion for partial summary judgment is granted insofar as it rests on this basis.

Plaintiffs also move for summary judgment on the issue of Casey's status as underinsured. Defendant admits that Casey had an automobile policy with a bodily injury liability limit of $25,000 per person. (*Id.* at 2). To prevail on summary judgment, therefore, Plaintiffs must establish that their damages exceed $25,000.

In their Statement of Undisputed Facts, Plaintiffs allege that their damages

3

exceed $25,000. (Doc. 25-2 at 3). Plaintiffs have also provided the Court with documentation of medical expenses in excess of $65,000 that do not include medical expenses related to a third surgery Ms. Springer underwent. *Id.* In its Statement of Contested Material Facts, Defendant does not deny that Plaintiffs' damages exceed $25,000; rather, Defendant denies that those damages exceed $53,703.60. (Doc. 26-2 at 2). The Court finds that Plaintiffs have established a prima facie case that their damages exceed $25,000 and, therefore, that Casey was uninsured. At trial, the burden will rest with Defendant to put forth evidence of other underlying liability coverage, or evidence supporting a legal presumption of such coverage. *Gillmer*, 30 So. 3d at 787.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Partial Summary Judgment (Doc. 25)** is **GRANTED**.

Baton Rouge, Louisiana, this 31st day of January, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA